UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERGER ENTERPRISES,

       Plaintiff,                             Civil Action No. 15-CV-13879

vs.                                             HON. MARK A. GOLDSMITH

ZURICH AMERICAN INSURANCE
COMPANY,

       Defendant.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 6)

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") motion to dismiss (Dkt. 6) claims raised by Plaintiff Berger Enterprises' ("Berger") complaint (Dkt. 1), which include breach of contract, quantum meruit, innocent misrepresentation, and specific performance. Because Berger has not identified or alleged any contractual obligation that Zurich was required — but failed — to undertake, the claims for breach of contract and specific performance must fail. In addition, Berger's claim for quantum meruit is barred, because there is an express contract covering the same subject matter. Its claim for innocent misrepresentation is barred, because that contract contains a merger clause, which would make reliance on any such oral representation unreasonable. Accordingly, the Court grants Zurich's motion, and dismisses the claims in Berger's complaint with prejudice.

### I. BACKGROUND

The present dispute arises out of a previous lawsuit that was before the undersigned, which stemmed from a construction project at a United States Air Force ("USAF") base in North Dakota gone awry, causing Berger, a subcontractor on the project, to bring various claims

1

against TolTest, Inc. ("TolTest"), the general contractor for the project, and against Zurich, surety on a payment bond required by statute to be furnished to the USAF for the project. See Berger Enters. v. Zurich Am. Ins. Co., 845 F. Supp. 2d 809, 811-812 (E.D. Mich. 2012).

The parties were eventually successful in resolving that lawsuit out of court, and the terms of the settlement were memorialized in a Settlement Agreement and Mutual Release ("Settlement Agreement"), executed in April and May 2013. Compl. ¶ 14; see also Settlement Agreement, Ex. 5 to Compl., at 8-9 (cm/ecf pages) (Dkt. 1-5). The Settlement Agreement included provisions for a settlement payment from TolTest to Berger, a covenant not to sue absent a narrow set of circumstances, and an agreement to enter into a separate Pass Through Agreement. Compl. ¶ 14; see also Settlement Agreement at 3, 4 (cm/ecf pages). The Pass Through Agreement gave Berger the right to pursue claims against the USAF relating to the underlying project in the name of TolTest. Compl. ¶¶ 14-15; see also Settlement Agreement at 3 (cm/ecf page); Pass Through Agreement, Ex. 6 to Compl. (Dkt. 1-6). The Settlement Agreement and the Pass Through Agreement outlined the procedures and respective responsibilities of TolTest and Berger for preparing and submitting Berger's claim to the USAF.

In May 2014, TolTest filed for bankruptcy. Compl. ¶ 47. Subsequently, in July 2014, Berger attempted to submit its claim to the USAF, which was rejected on the grounds that it was not properly sponsored or presented in the name of TolTest. Id. ¶¶ 16-18.

Following that initial rejection, in January 2015, Berger filed a second lawsuit, against Zurich only, which was reassigned to the undersigned. See Case No. 15-cv-10156, Berger Enters. v. Zurich Am. Ins. Co. That lawsuit principally claimed that TolTest had breached the Settlement Agreement and/or Pass Through Agreement by failing to sponsor and enforce Berger's claim against the USAF, and that Zurich was jointly and severally liable for TolTest's

breach pursuant to the terms of the payment bond executed on the original construction project. See Case No. 15-cv-10156, Berger Enters. v. Zurich Am. Ins. Co., Compl. ¶¶ 20-26 (Dkt. 1).

At the time it filed the second lawsuit, Berger was also actively attempting to secure the appropriate certification necessary to submit its claim to the USAF. Compl. ¶¶ 19-27. Because it eventually appeared that Berger would be able to secure the desired relief independent of further prosecution of the second lawsuit, Berger moved to voluntarily dismiss its complaint without prejudice. See Case No. 15-cv-10156, Berger Enters. v. Zurich Am. Ins. Co., Pl. Mot. to Dismiss (Dkt. 16). Over Zurich's objections, the Court granted Berger's motion and dismissed the case without prejudice. See Case No. 15-cv-10156, Berger Enters. v. Zurich Am. Ins. Co., 8/21/2015 Op. & Order (Dkt. 19).

Unfortunately for all parties, Berger was not successful in obtaining the appropriate and necessary certification, and, just months after the Court dismissed the second suit, Berger filed the instant complaint, reviving old claims and initiating new ones against Zurich. Zurich subsequently moved to dismiss on all counts.

## II. STANDARD OF DECISION

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts are obliged to construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true in determining whether the complaint states a plausible claim for relief. Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). Still, the plaintiff must provide the grounds for its entitlement to relief, which necessarily requires more than labels and conclusions or a formulaic recitation of the elements that comprise a cause of action. Id. Moreover, courts are not bound to accept legal conclusions as true, even when presented as a factual allegation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

Plausibility, in turn, requires a "reasonable inference that the defendant is liable for the misconduct alleged"; "facts that are 'merely consistent with' a defendant's liability" are insufficient. Id. at 678.

In considering a motion to dismiss, courts may rely on the complaint, documents incorporated by reference into the complaint and integral to the plaintiff's claims, documents attached as exhibits to the complaint, and matters of public record. Commercial Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 335-336 (6th Cir. 2007).

### III. ANALYSIS

Berger brings four counts for relief against Zurich: (i) breach of contract; (ii) quantum meruit; (iii) innocent misrepresentation; and (iv) specific performance. See generally Compl. However, Berger has not pled sufficient factual allegations that would plausibly support any of these claims. Rather, the contracts upon which Berger relies foreclose the claims it now asserts.

**A. Breach of Contract**

To maintain a breach of contract claim, Berger must plead sufficient allegations that there was a contract between it and Zurich, which Zurich breached, resulting in damage. Miller-Davis Co. v. Ahrens Constr., Inc., 848 N.W.2d 95, 104 (Mich. 2014).[1] Which contract in particular Berger is invoking is unclear, because it is equivocal about whether its breach claim is premised on just the Settlement Agreement, or whether it includes the Pass Through Agreement as well.[2]

---

[1] The parties both agree that, in this diversity action, Michigan law governs any dispute between them. Def. Mot. at 8; Pl. Resp. at 9 (Dkt. 10).

[2] In its pleadings, Berger seems to take both positions. Compare Compl. ¶¶ 34, 36 (contending that Zurich failed to fulfill responsibilities under both agreements), with id. ¶¶ 38-39, 42 (referring principally to the Settlement Agreement). At the hearing on Zurich's motion, Berger's stated position was that it was claiming a breach of the Settlement Agreement, which incorporated the Pass Through Agreement. This incorporation theory is flawed, because the Settlement Agreement contains no such language. And given that only the Settlement Agreement was signed by Zurich, it appears that any claim for breach of contract premised on

However, that ambiguity is ultimately irrelevant, because no contract that Berger arguably invokes sets forth any contractual obligation for Zurich to perform that could plausibly form the basis of a breach claim.

Berger asserts a breach of contract claim premised on the theory that "TolTest and Zurich have failed to sponsor and enforce [Berger's] claim against the USAF," and, "[s]pecifically, TolTest and Zurich refuse to execute the necessary paperwork in order for Berger to proceed." Compl. ¶ 41; see also id. ¶ 34 ("Nevertheless, TolTest and Zurich have refused, and are otherwise unwilling, to sponsor and prosecute Berger's claim as required under the Settlement Agreement and Pass Through Agreement.").

However, Berger's complaint does not identify any provision of either the Settlement Agreement or the Pass Through Agreement imposing such obligations on Zurich. And a review of the Settlement Agreement and the Pass Through Agreement attached to Berger's complaint confirms that neither requires Zurich to take any action relative to the preparation, certification, and/or submission of Berger's claim to the USAF.

In its response, Berger purports to characterize the Settlement Agreement as a suretyship contract. See Pl. Resp. at 11-12 (Dkt. 10) ("There is no dispute that Zurich was the surety, TolTest was the principal, and Berger is the obligee."). However, Berger does not identify anywhere in the Settlement Agreement (or Pass Through Agreement) where Zurich agreed to take on these responsibilities and act as surety in the event TolTest did not fulfill its end of the bargain. A review of both agreements themselves fails to reveal any such obligation. In the absence of an express suretyship undertaking, it would be implausible to construe a contract

---

the Pass Through Agreement is not plausible. However, as discussed above, neither agreement contains a promise by Zurich to perform any undertaking that forms the basis for the breach claim. Thus, even if Berger's incorporation theory were plausible, there is no plausible claim of breach.

negotiated between sophisticated parties as implying one. See, e.g., Kondzer v. Wayne Cnty. Sheriff, 558 N.W.2d 215, 217 (Mich. Ct. App. 1996) ("A surety's liability is strictly limited by the terms of the agreement . . . .").[3]

Berger's breach claim cannot be saved on the theory that it is predicated on the payment bond. Although in the prior two lawsuits Berger had asserted claims against the payment bond issued under the Miller Act, 40 U.S.C. § 3131(b)(2) — which provides a civil cause of action on such bonds — Berger is adamant that the present breach of contract claim does not arise under the Miller Act. Pl. Resp. at 12. That position is a wise one, given that the Miller Act requires a claim under the act to be brought within one year following the last day of furnishing labor or materials, 40 U.S.C. § 3133(b)(4), which here was May 26, 2010. Berger Enters., 845 F. Supp. 2d at 815. Thus, Zurich rightly notes that any action brought pursuant to the Miller Act would be time-barred. Def. Mot. at 9-10.

Because Berger has not pled factual allegations demonstrating a plausible claim for breach of contract, that claim must be dismissed.

### B. Quantum Meruit

Berger's claim for quantum meruit must also fail in the face of an express contract.

The claim for quantum meruit is premised on the fact that Berger's claim against the USAF "has a substantial economic value," but Berger is unable to prosecute that claim because TolTest is unable to and/or refuses to certify the claim and/or execute the appropriate documentation. Compl. ¶¶ 48-49. Berger contends that allowing Zurich to avoid paying Berger

---

[3] Viewing either contract as containing some kind of "implied" suretyship undertaking would also run afoul of Michigan's statute of frauds, which requires a "special promise to answer for the debt, default, or misdoings of another person" to be "in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise." Mich. Comp. Laws § 566.132(1)(b). Zurich signed no writing containing such a promise upon which Berger brings suit.

the full value of the claim is both "at odds with the well-settled law that dictates Zurich remains liable to Berger pursuant to the terms and conditions of the Payment Bond that bind TolTest and Zurich jointly and severally for the payment of the work performed by. . . Berger," and is also inequitable under the circumstances. Id. ¶¶ 50-51.

When a plaintiff can demonstrate "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant," "the law will imply a contract in order to prevent unjust enrichment." Belle Isle Grill Corp. v. City of Detroit, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003). "However, a contract will be implied only if there is no express contract covering the same subject matter." Id.

In this instance, there are two express contracts that cover Berger's right to pursue its claim directly against the USAF: the Settlement Agreement and the Pass Through Agreement.

As mentioned above, Zurich is party only to the Settlement Agreement and not to the Pass Through Agreement. Nonetheless, the Settlement Agreement expressly and adequately covers Berger's right to pursue its claim directly against the USAF. The Settlement Agreement not only provides for the Pass Through Agreement itself, but it also (i) sets forth the procedural and substantive requirements for the claim, as well as the timeline by which the claim must be submitted; (ii) provides for a contingent payment to Berger from TolTest if certain conditions are met and the USAF did not award Berger at least $150,000; and (iii) establishes procedures for the resolution of any dispute(s) regarding either submission of the claim or the contingent payment. Settlement Agreement at 3-4, 5 (cm/ecf pages).

Although this issue was raised both in the briefing and at the hearing on the motion, Berger made no argument in opposition to it. Because the Settlement Agreement covers the

subject matter underlying Berger's claim for quantum meruit, this claim, too, must fail.[4]

### C. Innocent Misrepresentation

Berger's claim for innocent misrepresentation cannot survive the merger clause contained in the Settlement Agreement.

Berger alleges that Zurich (and TolTest) represented to Berger, during the facilitation that resolved the underlying litigation and prior to the execution of the Settlement Agreement, that it "would sponsor and enforce Plaintiff's claim against the USAF." Compl. ¶¶ 54-55. Berger further alleges that the representations were material, made with the intent that Berger rely on them to its detriment — which it did by entering into the Settlement Agreement — and were in reckless disregard of the truth as Zurich (and TolTest) failed to follow through on those representations. Id. ¶¶ 55-59.

Zurich denies making any such representations, but emphasizes that no such representations (at least with respect to Zurich) are contained within either the Settlement Agreement or the Pass Through Agreement, both of which were executed after the alleged representations were made. Def. Mot. at 17. Zurich further relies on a merger clause within the Settlement Agreement, which provides as follows:

> This Settlement Agreement and the attached Pass Through Agreement sets forth all of the terms of agreement and understanding between the Parties with regard to the matters set forth herein and therein, and supersedes any and all prior oral and written agreements and understandings. There are no representations, warranties, agreements, arrangements, understandings, oral or written, between the Parties to this Settlement Agreement and attached Pass Through Agreement relating to the subject matter of the Settlement Agreement and attached Pass Through Agreement that are not fully expressed in the Settlement Agreement and attached Pass Through Agreement.

---

[4] Notably, Berger also fails to allege that Zurich received a benefit from Berger. Although Berger asserts that its claim has "substantial economic value," it does not assert that Zurich has somehow reaped the benefit and/or value of Berger's claim.

8

Settlement Agreement at 6 (cm/ecf page); Def. Mot. at 18.

Berger's innocent misrepresentation claim is grounded on an alleged oral representation, which would flatly contradict its own acknowledgement in the merger clause that there were no other representations by, or agreements with, Zurich beyond those set forth in the Settlement Agreement. Allowing such a claim to proceed would contradict numerous Michigan cases holding that a merger clause makes reliance on parol representations or agreements unreasonable as a matter of law. See UAW-GM Human Res. Ctr. v. KSL Recreation Corp., 579 N.W.2d 411, 419 (Mich. Ct. App. 1998) ("[T]he merger clause made it unreasonable for plaintiff's agent to rely on any representations not included in the letter of agreement."); Carey v. Foley & Lardner, LLP, No. 321207, 2016 WL 1039538, at *9 (Mich. Ct. App. Mar. 15, 2016) ("When parties to a contract explicitly include within the contract a provision indicating that the contract is a full and complete integration of their agreement, courts have given such an expressed declaration full effect."). While certain kinds of fraud may not be barred under the principle articulated in these cases, UAW-GM Human Res. Ctr., 579 N.W.2d at 418-419, Berger fails entirely to address this case law, and makes no argument regarding the principle set forth in these cases or any possible exception to it. Rather, Berger's response to the merger clause argument focused only on whether the complaint adequately recited the elements of an innocent misrepresentation claim. See Pl. Resp. at 13-14.

Accordingly, Berger's claim for innocent misrepresentation must fail, as well.

**D. Specific Performance**

Berger's last count for relief is one for specific performance. But specific performance is not a cause of action; it is a remedy. See Fed. Nat'l Mortg. Ass'n v. Wellington Invs., LLC, No. 11-11414, 2011 WL 2787270, at *3 (E.D. Mich. July 15, 2011) ("Specific performance of a contract is a remedy, not a cause of action."); Laker v. Soverinsky, 27 N.W.2d 600, 601 (Mich.

9

1947) ("Specific performance is a <u>remedy</u> of grace and not a matter of right." (emphasis added)). And, as discussed above, Berger has not stated a claim for a breach of contract; therefore, it is entitled to <u>no</u> remedy.

### E. Leave to Amend

In its response, Berger requested leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) should the Court conclude that Berger failed to properly plead its claims. Pl. Resp. at 15. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, this is not such a circumstance.

As an initial matter, this is Berger's second lawsuit against Zurich, and it arises out of the same circumstances underlying the first one and raises nearly identical claims. <u>See</u> Case No. 15-cv-10156, <u>Berger Enters. v. Zurich Am. Ins. Co.</u>, Compl. at 4-7 (Dkt. 1) (asserting counts for breach of contract, <u>quantum meruit</u>, and innocent misrepresentation). In that case, Zurich filed a motion to dismiss, which was fully briefed prior to Berger moving to voluntarily dismiss its complaint. Accordingly, in re-asserting those same claims against Zurich, Berger was on notice as to what it could expect from any potential and forthcoming motion to dismiss. And even after Zurich filed the present motion, Berger did not file an amended complaint curing the identified defects, as was its right under Rule 15. <u>See</u> Fed. R. Civ. P. 15(a)(1)(B) (permitting a party to amend pleading once as a matter of course 21 days after service of a Rule 12(b) motion).

In any event, Berger's request for leave to amend, as part of its conclusion to its response to Zurich's motion, is not sufficient under the Rules. Rather, Rule 15 requires the filing of a motion. See <u>Willecke v. Kozel</u>, 395 F. App'x 160, 167-168 (6th Cir. 2010) (district court did not abuse its discretion in not ruling on plaintiffs' request to amend, contained in their written opposition to summary judgment motion, because no motion to amend was filed). Therefore,

Berger has not properly sought leave from the Court. Additionally, the Local Rules require the moving party to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Berger has not attached any proposed amended pleading for the Court's review. Finally, given Berger's claims and the agreements presented to the Court, the Court cannot perceive a non-futile basis for an amended claim. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) ("[L]eave to amend may be denied where the amendment would be futile.").

### IV. CONCLUSION

For the above reasons, Zurich's motion to dismiss (Dkt. 6) is granted. Berger's complaint (Dkt. 1) is dismissed with prejudice. Judgment will be entered contemporaneously with this Opinion and Order.

SO ORDERED.

Dated: July 27, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2016.

 s/Karri Sandusky
 Case Manager

11